# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR05-0052-LRR |
| vs. | |
| DUSTIN KYLE KIELKOPF, | ORDER |
| Defendant. | |

---

The matter before the court is the defendant's motion for the court to recommend placement in a Community Corrections Center or a Residential Re-Entry Center (Docket No. 18). The defendant filed such motion on September 28, 2006. The government did not file a resistance.

It appears from the instant motion that the defendant wants the court to make a recommendation in light of *Fults v. Sanders*, 442 F.3d 1088 (8th Cir. 2006), and the Bureau of Prisons' implementation of such case. When it sentenced the defendant on January 26, 2006, the court did not make a recommendation to the Bureau of Prisons regarding placement in a Community Corrections Center or Residential Re-Entry Center. The judgment that entered against the defendant on January 27, 2006 substantiates this fact and indicates that the court only recommended that the defendant be designated to a Bureau of Prisons facility as close to his family as possible. Under 18 U.S.C. § 3582, the court may not modify a term of imprisonment once it has been imposed. *See* 18 U.S.C. § 3582(c) (stating that, except in limited circumstances, a court may not modify a term of imprisonment once it has been imposed). There is no doubt that the defendant's sentence has been imposed. Moreover, the designation of a prisoner's place of imprisonment, including placement in a Community Corrections Center or a Residential Re-Entry Center,

falls on the Bureau of Prisons. *See* 18 U.S.C. § 3621(b) (requiring Bureau of Prisons to designate the place of a prisoner's imprisonment); 18 U.S.C. § 3624(c) (addressing Bureau of Prisons' duty to afford a prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community). Even if the court has the authority to make a recommendation regarding placement in a Community Corrections Center or a Residential Re-Entry Center after imposing a term of imprisonment, the court declines to exercise such authority with respect to the defendant. Accordingly, the defendant's motion for the court to recommend placement in a Community Corrections Center or a Residential Re-Entry Center (Docket No. 18) is denied.

**IT IS SO ORDERED**.
**DATED** this 18th day of October, 2006.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA